The IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAHAL SAHAL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-2090 |
| ) | |
| v. ) | District Judge William S. Stickman |
| ) | Magistrate Judge Maureen P. Kelly |
| BUTLER COUNTY PRISON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 12, be dismissed for failure to prosecute.

### II.   REPORT

Plaintiff Sahal Sahal ("Plaintiff") was previously a prisoner in the custody of the Butler County Prison in Butler, Pennsylvania. On December 8, 2023, Plaintiff lodged a Complaint against Butler County Prison, Sergeant Wright, Captain Tracey, and "all the Administration of the Butler County Prison" (collectively, "Defendants"), but he did not submit a motion for leave to proceed *in forma pauperis* or payment of the required filing fee. ECF No. 1.

Because Plaintiff failed to submit the required paperwork, the Court entered a Deficiency Order on December 14, 2023, directing the Plaintiff to complete a form motion to proceed *in forma pauperis*, file a consent to magistrate judge form, submit a certified copy of his trust fund account statement, provide an authorization form authorizing the withdrawal of funds from his inmate account, and provide the necessary documents for each named defendant to properly serve his Complaint. ECF No. 3.

1

On January 10, 2024, Plaintiff submitted a copy of his prison trust fund account, the authorization form authorizing the withdrawal of funds from his inmate account, and the consent to magistrate judge form. ECF Nos. 4-6. However, Plaintiff failed to fully comply with the Court's Deficiency Order, because he did not complete the form motion to proceed *in forma pauperis*, nor did he provide the necessary documents to serve his complaint upon each named defendant. Accordingly, on February 6, 2024, the Court issued a Second Deficiency Order requesting the missing documents. ECF No. 7.

On February 21, 2024, Plaintiff filed a Motion to Proceed *in forma pauperis*, ECF No. 8, which the Court granted on February 22, 2024, ECF No. 10. Additionally, the Court entered a Service Order directing the United States Marshal to serve a copy of the complaint, ECF No. 12, notice and request for waiver of service of summons, waiver of service of summons, and the Service Order on each named defendant. ECF No. 11.

Defendants filed an Answer on June 10, 2024. ECF No. 21.

On June 11, 2024, the Court issued a Case Management Order directing Defendants to provide initial discovery by July 11, 2024, and Plaintiff to serve discovery by August 12, 2024, with all discovery completed by October 11, 2024. ECF No. 22. The Court also directed Plaintiff's Pretrial Statement and Motion for Summary Judgment, if any, to be filed by November 11, 2024. Id. at 2.

Plaintiff did not file a Pretrial Statement or Motion for Summary Judgment by November 11, 2024. Thus, on December 5, 2024, the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute. ECF No. 25. Plaintiff was directed to respond to the Order to Show Cause on or before January 2, 2025. Id. at 1. To date, Plaintiff has failed to respond to the Order to Show Cause.

On January 28, 2025, Defendants moved to dismiss Plaintiff's Complaint for failure to prosecute. ECF Nos. 29, 30. The Court ordered Plaintiff to respond on or before February 28, 2025. ECF No. 31. To date, Plaintiff has failed to respond.

The Court has determined that Plaintiff is currently in federal custody at the Federal Correctional Institution Victorville Medium I ("FCI Victorville Medium I) in Victorville, California. See BUREAU OF PRISONS INMATE LOCATER, available at: https://www.bop.gov/inmateloc/ (last visited April 8, 2025). According to the Court's search, Plaintiff was transferred from Butler County Prison to FCI Victorville Medium I on January 22, 2025. See VINE LINK: INMATE LOCATOR (REPORTING AGENCY: BUTLER COUNTY PRISON), available at: https://vinelink.vineapps.com/person-detail/offender/35313780;tabIndexToSelect=0 (last visited April 8, 2025). Because Plaintiff was still present in Butler County Prison at the time the Court filed the Order to Show Cause, his failure to respond is not justified by his transfer. Additionally, Plaintiff has failed to provide the Court with an updated address as required. ECF No. 10 at 3.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to

prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to support dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n.1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of

4

evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage in the litigation, Plaintiff's failure to provide a Pretrial Statement or Motion for Summary Judgement, as well and Plaintiff's failure to respond to Defendants' pending Motion to Dismiss "frustrates and delays resolution of this action." See Mack v. United States, No. 3:17-CV-1982, 2019 WL 1302626, at 1* (M.D. Pa. Mar. 21, 2019). Accordingly, this factor weighs heavily in favor of dismissal.

The third factor, "history of dilatoriness," also weighs heavily against Plaintiff. As explained, Plaintiff has failed to respond to the Order to Show Cause that was entered on December 5, 2024, ECF No. 25, nor has he responded to Defendants' Motion to Dismiss, ECF No. 29, or updated his address with the Court. Thus, Plaintiff has engaged in dilatory conduct that serves to unnecessarily delay resolution of this matter.

The fourth Poulis factor is "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff was unable to respond to Court orders. Despite Plaintiff's move between state and federal facilities, he would have received the Court's Order to Show Cause prior to his transfer out of Butler County Prison. Thus, his failure to comply with the Court's orders appears willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent

pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, the Plaintiff has failed to comply with the Court's orders and delayed the litigation of his case. Thus, the court does not have a basis to evaluate the potential merit of his claims, and it is treated as neutral.

On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor (merits of Plaintiff's claims) neither weighed against nor in favor of dismissal. Nevertheless, "[n]ot all these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy for deciding cases on the merits, such a resolution is impossible when the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the extreme sanction of dismissal is supported by the Poulis factors.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.D.2 of the Local Rules of Court, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will

waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 8, 2025

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable William S. Stickman
United States District Judge

Sahal Sahal
Register Number: 47018-510
FCI Victorville Medium I
13777 Air Expressway Blvd
Victorville, CA 92394

Sahal Sahal
42920
BUTLER COUNTY PRISON
202 S. Washington Street
Butler, PA 16001

All counsel of record via CM/ECF.